UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ANNETTE GRAYER,

    Plaintiff,

-vs-                              CASE NO.: 4:15-cv-203 (CDL)

CREDENCE RESOURCE MANAGEMENT, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, ANNETTE GRAYER, by and through her undersigned counsel, sues the Defendant, CREDENCE RESOURCE MANAGEMENT, LLC ("CREDENCE"), and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like CREDENCE from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." <u>Mims v. Arrow Fin. Servs., LLC</u>, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'"

137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).  See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiff resides in this District (Middle District of Georgia), the phone calls were received in this District, and the Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Georgia, residing in Muscogee County, Georgia, and resides in this District.

11. Defendant is a Limited Liability Company with a principal place of business and/or office for transacting its business located at 6045 Atlantic Blvd., Suite 210, Norcross, Georgia 30071 and conducts business in the State of Georgia.

12. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, by the Defendant's placing of illegal calls to Plaintiff while she resided in the State of Georgia.

13. Defendant has a Registered Agent in the State of Georgia at Corporation Service Company, 40 Technology Pkwy South, #300, Gwinnett, Norcross, Georgia 30092.

14. Defendant, at all material times, was attempting to collect on a debt (hereinafter the "subject account"), which was issued and serviced by Defendant.

15. At all times material, Plaintiff's cellular telephone number is and was 706-***-5946.

16. In approximately April of 2015, Defendant began bombarding Plaintiff's cellular telephone number with debt collection calls seeking a person named "Annie Grayer." Plaintiff is not Annie Grayer.

17. Plaintiff repeatedly told Defendant that she is not Annie Grayer and to please stop calling. However, the calls continued.

18. On or about July 30, 2015, Plaintiff told Defendant that she is not Annie Grayer, that Defendant has the wrong number, and demanded that the telephone calls to her cellular telephone cease. However, the calls continued and continue to this day.

19. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number numerous times from approximately July 30, 2015 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

20. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff believes it was an autodialer because whenever she answered the phone she heard a recording and then heard music and then thinks that she was placed on hold.

21. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

22. Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone number after July 30, 2015 was done so after she had revoked consent and/or without the "express consent" of the Plaintiff.

23. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (706) ***-5946, and was the called party and recipient of Defendant's autodialer calls.

24. The autodialer calls from Defendant came from the telephone number including but not limited to 855-876-5380 and when those numbers are called, an automated voice answers and identifies itself as "Thank you for calling Credence Resource Management."

25. Despite Plaintiff informing Defendant to stop calling, the Defendant's autodialer calls to Plaintiff's cellular phone continued.  Due to the tremendous volume of calls, Plaintiff was not able

4

to keep track of each one, however, a partial list of the dates that Plaintiff received automated calls from Defendant after July 30, 2015 is listed below: Plaintiff received at least 40 calls during this time.

a. August 1, 2015 at 12:31 p.m.

b. August 3, 2015 at 1:09 p.m.

c. August 4, 2015 at 2:12 p.m.

d. August 4, 2015 at 8:03 p.m.

e. August 6, 2015 at 2:10 p.m.

f. August 7, 2015 at 4:09 p.m.

g. August 8, 2015 at 12:34 p.m.

h. August 10, 2015 at 3:43 p.m.

i. August 11, 2015 at 1:02 p.m.

j. August 12, 2015 at 3:16 p.m.

k. August 13, 2015 at 2:55 p.m.

l. August 14, 2015 at 3:49 p.m.

m. August 15, 2015 at 3:45 p.m.

n. August 18, 2015 at 5:40 p.m.

o. August 20, 2015 at 11:23 a.m.

p. August 25, 2015 at 11:06 a.m.

q. August 25, 2015 at 8:37 p.m.

r. August 26, 2015 at 3:17 p.m.

s. August 27, 2015 at 11:33 a.m.

t. August 30, 2015 at 12:19 p.m.

u.  September 1, 2015 at 10:15 a.m.

v.  September 2, 2015 at 10:15 a.m.

w. September 3, 2015 at 10:49 a.m.

x.  September 4, 2015 at 12:21 p.m.

y.  September 7, 2015 at 11:38 a.m.

z.  September 10, 2015 at 12:01 p.m.

aa. September 14, 2015 at 1:06 p.m.

bb. September 16, 2015 at 5:50 p.m.

cc. September 17, 2015 at 1:04 p.m.

dd. September 18, 2015 at 5:51 p.m.

ee. September 18, 2015 at 8:20 p.m.

ff. September 19, 2015 at 12:08 p.m.

gg. September 20, 2015 at 9:30 a.m.

hh. September 21, 2015 at 10:17 a.m.

ii. September 21, 2015 at 9:37 p.m.

26. The autodialer calls from Defendant continued from September 21, 2015, through the filing of this complaint. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all autodialer calls made to Plaintiff.

27. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

28.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond July 30, 2015, when Plaintiff first advised Defendant to stop calling Plaintiff.

29.     Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to stop calling.

30.     Defendant's corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

31.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

32.     Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call people who have revoked consent to be called.

33.     Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

34.     Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

## COUNT I
### (Violation of the TCPA)

35.      Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-four (34) above as if fully stated herein.

36.     None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

37.     Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's express consent.

38.     The Defendant willfully and/or knowingly violated the TCPA, <u>especially</u> for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant on or about July 30, 2015, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact her and told Defendant to stop calling her.

39.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CREDENCE RESOURCE MANAGEMENT, LLC, for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

Respectfully submitted,

 */s/ Octavio Gomez*
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 222-4725
Florida Bar #:  338620
Attorney for Plaintiff
TGomez@ForThePeople.com